Lisa B. WILLIAMS, Plaintiff–Appellee,

v.

**U.S. MERIT SYSTEMS PROTECTION BOARD, Defendant–Appellant,**

**and**

**Office of Special Counsel; Governor's Office for Individuals with Disabilities, Defendants.**

No. 93–1387.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 1, 1993.

Decided Jan. 24, 1994.

---

Sherry Ann Armstrong, Gen. Atty., M.S.P.B., Washington, DC, for appellant. Alfred Nance, Baltimore, MD, for Appellee. **ON BRIEF:** Mary L. McCord Jennings, Deputy Gen. Counsel, David C. Kane, Asst. Gen. Counsel, M.S.P.B., Washington, DC, for appellant.

Before WILKINSON and WILLIAMS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.

## OPINION

WILLIAMS, Circuit Judge:

This is an interlocutory appeal from the district court's stay of an order of the United States Merit Systems Protection Board (MSPB), directing the termination of a state employee for violation of the Hatch Political Activity Act (Hatch Act), 5 U.S.C. §§ 1501–1508 (1988).[1] The MSPB contends that the district court should not have stayed the termination order. Because we find that, pursuant to 5 U.S.C. § 1508 (1988), a stay may be issued only when an employee is suspended from office while the proceedings on the merits are pending, we reverse and remand.

### I.

Lisa B. Williams has been employed since May 1987 as the Executive Assistant to the Director of the Governor's Office for Individuals with Disabilities (OID), an executive agency in the State of Maryland. The agency is directly responsible for the proper administration of federal grant awards for the federally-funded programs it oversees.

In June 1990, Williams became a candidate for the Maryland House of Delegates by filing for the Democratic Party nomination in the primary election. The Office of Special Counsel (OSC), a federal agency charged with investigating violations of the Hatch Act pursuant to 5 U.S.C. § 1504 (1988)[2], warned Williams that her candidacy was in violation of the Hatch Act. Specifically, the OSC pointed out that "[a] State or local officer or employee[3] may not ... be a candidate for elective office." 5 U.S.C. § 1502(a)(3) (1988).[4] Nonetheless, Williams continued

---

1. This court has jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) (1988), which permits appeals of interlocutory orders granting or continuing injunctions.

2. 5 U.S.C. § 1504 (1988) reads, in part, as follows:

   On receipt of ... information which seems to the Special Counsel to warrant an investigation, the Special Counsel shall investigate ... and present his findings and any charges based on such findings to the Merit Systems Protection Board, which shall—
   (1) fix a time and place for a hearing;  and
   (2) send ... to the officer or employee charged with the violation and to the State or

local agency employing him a notice setting forth a summary of the alleged violation and giving the time and place of the hearing.

3. A "'State or local officer or employee'" is defined as "an individual employed by a State or local agency whose principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a Federal agency...." 5 U.S.C. § 1501(4) (1988).

4. 5 U.S.C. § 1503 (1988) provides an exception to the Hatch Act for nonpartisan candidates. Here, Williams participated in a Democratic Party primary, which is a partisan election, so she falls within the proscription of § 1502(a)(3).

her campaign, which was ultimately unsuccessful. In February 1992, the OSC brought charges against Williams for violation of the Hatch Act and a complaint was filed with the MSPB.

After a hearing before an administrative law judge, Williams was found to have violated 5 U.S.C. § 1502(a)(3) (1988). On January 21, 1993, the MSPB affirmed the hearing officer's decision and ordered Williams's removal from her position with the OID. The MSPB directed the appropriate federal office to withhold from its grants to the OID an amount equal to two years of Williams's salary pursuant to 5 U.S.C. § 1506(a)(2) (1988), if the OID failed to remove Williams within thirty days of the order.[5] In response to the MSPB's order, the OID notified Williams that she would be removed effective February 19, 1993.

Williams sought review of the MSPB's decision in the United States District Court for the District of Maryland, pursuant to 5 U.S.C. § 1508 (1988). Williams's primary contention is that she did not have the requisite personal connection with federal funding or federally-funded programs to fall within the definition of a "State or local officer or employee" under 5 U.S.C. § 1501(4) (1988). Williams also filed a motion with the district court seeking to stay or enjoin enforcement of the MSPB's order providing for her removal. On February 18, 1993, the district court granted a preliminary injunction staying Williams's removal from her state employment. The district court later continued the stay for the pendency of Williams's claims.

## II.

■ The MSPB contends that the district court's stay of its removal order was improper because Williams was not suspended from office during the pendency of the appeal on the merits. In support of this argument, the MSPB relies on the precise language of § 1508, which provides, in part, as follows:

A party aggrieved by a determination or order of the Merit Systems Protection Board ... may ... institute proceedings for review thereof by filing a petition in the United States District Court.... **The institution of proceedings does not operate as a stay of the determination or order unless—**

(1) the court specifically orders a stay; and

(2) **the officer or employee is suspended from his office or employment while the proceedings are pending.**

5 U.S.C. § 1508 (1988) (emphasis added). The MSPB argues that under the plain language of the statute, the district court should not have stayed Williams's termination without suspending her from office.[6]

■ This court reviews a decision pertaining to injunctive relief *de novo* when it " 'rests solely on a premise as to the applicable rule of law, and the facts are established or of no controlling relevance.' " *Virginia Carolina Tools, Inc. v. International Tool Supply, Inc.,* 984 F.2d 113, 116 (4th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 2930, 124 L.Ed.2d 681 (1993) (quoting *Thornburgh v. American College of Obstetricians & Gynecologists,* 476 U.S. 747, 757, 106 S.Ct. 2169, 2177, 90 L.Ed.2d 779 (1986)). We find that the plain language of § 1508 requires Williams's suspension during the pendency of the appeal on the merits before a stay may be issued.

The Supreme Court discussed the power of federal courts to stay administrative agency decisions[7] in *Scripps–Howard Radio, Inc. v.*

5. The MSPB also ordered that if Williams was rehired within eighteen months by another state or local agency in Maryland, then an amount equal to two years of Williams's salary would be withheld from that agency.

6. Other courts have dealt with claims related to this question. For instance, in *Fela v. United States Merit Systems Protection Bd.,* 730 F.Supp. 779 (N.D. Ohio 1989), Fela was charged with violations of the Hatch Act. The MSPB heard the evidence and issued an administrative order removing Fela from office. *Id.* at 781. Fela appealed and filed for a stay of the order. The district court granted a temporary restraining order but stated that it would not take effect unless Fela was suspended from his position. *Id.*

7. The MSPB is an independent, quasi-judicial agency of the Executive branch which adjudicates employment disputes, including determinations of whether an employee violated the Hatch

*FCC*, 316 U.S. 4, 62 S.Ct. 875, 86 L.Ed. 1229 (1942). The Court stated that "an appellate court should be able to prevent irreparable injury to the parties ... resulting from the premature enforcement of a determination which may later be found to have been wrong." *Id.* at 9, 62 S.Ct. at 880. Although " '[a] stay is not a matter of right,' " a federal court may exercise judicial discretion and stay enforcement of a judgment in appropriate circumstances. *Id.* at 10–11, 62 S.Ct. at 880 (quoting *Virginian Ry. v. United States,* 272 U.S. 658, 672–73, 47 S.Ct. 222, 227–28, 71 L.Ed. 463 (1926)). The power of federal courts to stay orders under review may be curtailed, however, only by express language from Congress. *Id.* at 11, 62 S.Ct. at 880.

Here, Congress has limited the district court's power to issue a stay in the context of a Hatch Act violation. Section 1508 sets forth two conditions which must be met for a stay to be valid: (1) the court must specifically order a stay; and (2) the employee must be suspended from her office while the proceedings are pending.

██ "Statutory construction begins with an examination of the literal language of a statute." *United States v. Blackwell,* 946 F.2d 1049, 1052 (4th Cir.1991). This court follows the principle that statutes should be construed under their plain and ordinary meaning absent explicit legislative intent to the contrary. *Hinkleman v. Shell Oil Co.,* 962 F.2d 372, 377 (4th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 831, 121 L.Ed.2d 701 (1992). The word "and" between elements one and two in § 1508 is "accepted for its conjunctive connotation." *Bruce v. First Fed. Sav. & Loan Assoc.,* 837 F.2d 712, 715 (5th Cir.1988). Therefore, both conditions must be satisfied for a stay to be properly issued.

Here, the first condition is met because the district court specifically ordered a stay. However, the plain language of § 1508 also requires the employee to be suspended from office pending final disposition on the merits. Although the Hatch Act does not define "suspension", it is part of the broader Civil Service Reform Act, which defines "suspension"

as "the placing of an employee, for disciplinary reasons, in a temporary status without duties and pay." 5 U.S.C. §§ 7501(2), 7511(a)(2) (1988). Here, the district court's stay of the MSPB's termination order allowed Williams to continue her duties with the OID. Thus, the second condition of § 1508 has not been satisfied and the stay is improper. The district court may stay Williams's termination only if she is suspended from office.

Williams argues that her conduct is protected by the First Amendment and that the MSPB's interpretation of § 1508 will have an unconstitutional chilling effect on political expression. In addition, she stresses that the severe sanctions of the Hatch Act, including suspension, are punitive in nature. We disagree. Congress in its wisdom set forth the two conditions for a stay of the MSPB's termination order. Moreover, the Supreme Court has consistently found that the Hatch Act is constitutional and does not violate the First Amendment. *See, e.g., Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); *United States Civil Serv. Comm'n v. Nat'l Ass'n of Letter Carriers,* 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973). In fact, in *Broadrick,* 413 U.S. at 607–08, 93 S.Ct. at 2913, the Supreme Court specifically found that restrictions prohibiting government employees from becoming political candidates for any paid office were valid under the First Amendment.

### III.

For the reasons stated herein, we reverse the district court's stay of the MSPB's order removing Williams from the OID and remand for further proceedings consistent with this opinion.

*REVERSED AND REMANDED.*

Act and whether the violation warrants removal

from office. *See* 5 U.S.C. § 1505 (1988).